IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SHANITA TERRELL,** | )( Civil Action No.: 4:22-cv-302 |
| | )( (Jury Trial) |
| *Plaintiff*, | )( |
| | )( |
| v. | )( |
| | )( |
| **HARRIS COUNTY, TEXAS, and** | )( |
| **MICHAEL JARELL HINES,** *Individ.*, | )( |
| | )( |
| *Defendants.* | )( |

## PLAINTIFF'S AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

NOW COMES SHANITA TERRELL complaining of HARRIS COUNTY, TEXAS, SHERIFF ED GONZALEZ, DEPUTY MARK CANNON, and MICHAEL JARELL HINES, *Individually,* and will show the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the federal claims of Plaintiff in this action, under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C §§ 1983 and 1988, the 4th and 14th Amendments to the U.S. Constitution.

2. Venue is proper in this Court pursuant to 28 USC § 1391(b) as all material facts out of which this suit arises occurred within the Southern District of Texas, Houston Division.

1

## PARTIES

3. Plaintiff is an individual who resides in Harris County, Texas.

4. Defendant HARRIS COUNTY, TEXAS (hereinafter sometimes "The County") is a governmental body existing under the laws of the State of Texas and may be served with process by serving the Harris County Judge Lina Hidalgo at 1001 Preston, Suite 911, Houston, Texas 77002.

5. Defendant MICHAEL JARELL HINES [1] (hereinafter sometimes "Deputy Hines"), *Individually*, at all times relevant was a Harris County Sheriff's Deputy and can be served with process at 1818 Fannin Speedway #1215, Houston, Texas 77045 or wherever he is found.

6. Defendant SHERIFF ED GONZALEZ (hereinafter sometimes "Sheriff Gonzalez"), *Individually*, at all times relevant was the Sheriff of Harris County, Texas and can be served with process at 1200 Baker Street, Houston, Texas 77002 or wherever he is found.

7. Defendant DEPUTY MARK CANNON (hereinafter sometimes "Deputy Cannon"), *Individually*, at all times relevant was a Harris County Sheriff's

---

[1] While Defendant Hines is sued under 42 U.S.C. Section 1983 it is possible he was not working under color of law at the time. He is also sued in state court under state law.

Deputy, Texas and can be served with process at 1200 Baker Street, Houston, Texas 77002 or wherever he is found.

## FACTS

8. Plaintiff Shanita Terrell, 33, is married with two children. She has never been convicted of a felony or a crime of moral turpitude.

9. Deputy Hines, 31, during the times relevant to this lawsuit was a Harris County Sheriff's deputy.

10. September 12, 2018 Deputy Hines was arrested for Sexual Assault of a Child in Harris County, Texas. This was reported to the Harris County Sheriff's Office (hereinafter sometimes "HCSO") and Sheriff Gonzalez was aware of the charges. The HCSO records regarding this incident are not available through the open records laws.

11. July 18, 2021 Deputy Hines was arrested for Assault-Family Member in Harris County, Texas.

12. Around February 23, 2020 Deputy Hines was at a "The Address" where he works an HCSO-approved job. "The Address" is a bar serving alcohol at 3333 Raleigh Street, Houston, Texas 77021. He was using a marked HCSO vehicle and had on his usual HCSO uniform with HCSO insignia and gun, HCSO badge, and other usual HSCO deputy equipment just as used on duty. Visually Deputy Hines working this extra job is indistinguishable from when he is on duty. The HCSO

office through a supervisor and by HCSO policy approved Deputy Hines working at The Address.

13. The HCSO allows deputies to use their usual uniforms, equipment, and squad vehicles when working extra jobs.

14. Ms. Terrell was also at The Address that same night as a patron. Ms. Terrell drove her car there. One of Ms. Terrell's cousins was working that night at The Address.

15. Deputy Cannon was also working at The Address that night in a HCSO uniform with a badge, gun and the usual equipment and utilizing a HCSO squad vehicle.

16. When Ms. Terrell was leaving the bar there was visibly and audibly something wrong with her and she was not in her usual state of mind.

17. Deputy Hines and Deputy Cannon, by words and actions, put Ms. Terrell into the *front seat* of Deputy Hines' squad car with the stated goal of driving Ms. Terrell home. Their real motive[2] may have been to allow sexual assault of Ms. Terrell by Deputy Hines. Ms. Terrell stated that she did not want to get into the squad car but was ordered by the deputies.

---

[2] Plaintiff may plead in the alternative.

18. When Ms. Terrell woke up in the morning at home in her bed she felt pain in her vaginal area. Ms. Terrell went to hospital and a rape kit was utilized.

19. Semen was found on an undergarment of Ms. Terrell's. The DNA in the semen was that of Deputy Hines. Ms. Terrell did not consent to having sex with Deputy Hines.

20. On August 10, 2021 Deputy Hines was charged with sexual assault of Ms. Terrell in the 228th District Court of Harris County, Texas. See **Exhibit 1.**

21. Sheriff Gonzalez is a policymaker for Harris County is regards to officer discipline and investigations and the HCSO policies generally and does not investigate and/or discipline officers alleged of crimes if they are no-billed by a Grand Jury including sexual assault of a minor. Grand Jury proceedings are secret including as to Sheriff Gonzalez and HCSO employees. Sheriff Gonzalez does not investigate and/or discipline deputies accused of policy violations if the complainant is charged with a crime even if the deputy is the one the complainant id complaining about.

**CAUSES OF ACTION AGAINST HARRIS COUNTY AND HINES**

22. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

*Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges, immunities secured by the*

5

*Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.*

23. The 4th Amendment to the United States Constitution provides:

*The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

24. The 14th Amendment to the United States Constitution provides:

*No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

## CIVIL RIGHTS VIOLATION
## [42 U.S.C. § 1983 and Constitutional Violations Against Hines]

25. Deputy Hines engaged in deliberate and outrageous invasion of Plaintiff's bodily integrity that shocks the conscious in violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Plaintiff re-alleges and incorporate all allegations of this Complaint as if fully set forth herein.

26. Deputy Hines, acting within the scope of his agency, recklessly and with the intention of causing Plaintiff severe emotional distress, engaged in extreme and outrageous conduct by forcing Plaintiff into his car, sexually

6

assaulting, and harassing Plaintiff, threatening to arrest her and displaying his gun, and by promoting a threatening and unduly hostile and antagonistic environment. Deputy Hine's conduct is particularly egregious as Plaintiff was in the custody of Harris County, Texas.

27. Deputy Hines misused and abused the official power granted to him by Harris County, Texas in the performance of his official duties thereby causing harm to Plaintiff.

28. Deputy Hines by his acts and omissions alleged above, under color of law and acting pursuant to the customs, practices and policies of Harris County, Texas, deprived Plaintiff of her rights to bodily integrity, thereby violating the Fourth Amendment to be secure in their persons, the Fourteenth Amendment right not to be deprived of life and liberty without due process and equal protection under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, by failing to provide all for which Ruiz is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

29. Deputy Hines acted against Plaintiff through official policies, practices, and customs with malice, deliberate, callous, and conscious indifference to the constitutional rights of Plaintiff. Furthermore, the incidents complained of were not reasonably related to any legitimate governmental objective, as there is no

7

legitimate governmental objective in sexual contact and sexual assault of a citizen and/or a detainee.

30. As a direct and proximate result of Deputy Hine's acts, which were so outrageous in character and extreme in degree to be utterly intolerable in a civilized community, Plaintiff suffered severe emotional distress and was injured and damaged thereby.

31. As shown below, Deputy Hines actions were part of a policy and practice condoned by Harris County, Texas.

32. Deputy Cannon seized Ms. Terrell within the meaning of the 4th Amendment when he forced her into Deputy Hines' squad vehicle against her will.

## CIVIL RIGHTS VIOLATION
### [42 U.S.C. § 1983 and Constitutional Violations Against the County]

33. In addition, and in the alternative Harris County (and its governmental branch, Harris County Sheriff's Office), including but not limited to Deputy Hines and Deputy Cannon (alone and in concert and/or individually) engaged in a policy and practice of deliberate indifference to the care and custody of citizens and detainees that resulted in the unlawful detention, false arrest, and sexual assault of Plaintiff herein and possibly other female citizens and detainees.

34. In addition, and in the alternative, Harris County gave inadequate training to civilian and officer personnel, including but not limited to Ruiz, on physical contact with detainees, and failed to supervise when detentions occurred. Harris County and the HCSO including but not limited to Deputy Hines and Deputy Cannon (alone and in concert and/or individually) endangered female citizens and detainees, including Plaintiff herein, resulting in the sexual assault of Plaintiff and possibly other females.

35. Plaintiff contends that policies, procedures, practices and customs of Harris County and the HCSO including but not limited to Deputy Hines (alone and in concert and/or individually) put Plaintiff in an inherently dangerous situation and violated her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States for which Plaintiff seeks recovery.

36. Plaintiff contends that the failures to train and supervise staff regarding the policies, procedures, practices and customs of Harris County and the HCSO including but not limited to Deputy Hines and Deputy Cannon put Plaintiff and potentially others in a dangerous situation and violated their rights under the Fourth and Fourteenth Amendments to the Constitution of the United States for which Plaintiff seeks recovery.

37. During the relevant time period contemplated by this cause of action, Harris County and the HCSO, including but not limited to Deputy Hines and

Deputy Cannon (alone and in concert and/or individually) failed to follow state and federal laws, federal and state regulations with regard to female citizens and female detainees generally and specifically Plaintiff.

38. During the relevant time contemplated by this cause of action, Harris County and the HCSO, including but not limited to Deputy Hines and Deputy Cannon (alone and in concert and/or individually) failed to follow their own written policies and procedures and those of the State of Texas and other authorities on standard of care and lack of sexual contact for those in custody, those riding in official vehicles and female citizens while in their official capacity.

39. Facts at the time of filing this Complaint supporting each of the elements of a § 1983 claim against Harris County and the HCSO and its employees, listed above are found above and applicable to all claims, but may be summarized as follows:

> Failed to properly train, hire, control, discipline, including firing, and supervise employees;
>
> Failed to establish and maintain a proper policy for dealing with the safety of female detainees/female citizens;
>
> Failed to provide protection from sexual predators for female detainees/citizens;
>
> Failed to establish and maintain proper policies for assurance of safety of female detainees/prisoners;

10

Promulgated, condoned, or showed indifference to improper policies or customs;

Continued such practices of improper policies or customs as to constitute custom representing policy;

Failed to limit the extra jobs of deputies with evidence of sexual assault in their background;

Failing to investigate claims of assault and sexual assault

Failing on investigate assault and sexual assault cases while a criminal case pends; and

Failure to have proper body camera and other polices applicable to extra jobs.

40. These actions by Harris County and the HCSO subjected Plaintiff to confinement with constitutionally inadequate safety protections such as:

Evidence of sexual assaults that are inaccurate, incomplete, and not transmitted to the Texas Rangers or other law enforcement or prosecution authority, as required;

Confinement conditions that do not ensure safe, humane, and decent conditions free of sexual assault;

Complete failure to assess ongoing sexual harassment and assaults upon female detainees/female citizens;

Staffing the police force with officers with no (or insufficient) training, oversight, supervision, or discipline; and,

41. These actions by Harris County and the HCSO further violated the rights of Plaintiff through Defendants' policies such as:

Evidence of sexual assaults that are inaccurate, incomplete, and not transmitted to the Texas Rangers, as required;

Detainee conditions that do not ensure safe, humane, and decent conditions free of sexual assault;

Complete failure to assess ongoing sexual harassment and assaults upon female detainees;

Staffing the police force with officers with no training, oversight, supervision, or discipline;

Inadequate extra job policies;

Inadequate body worn camera policies for extra jobs

42. Harris County and the HCSO intentionally, and with deliberate indifference, deprived Plaintiff of her clearly established federal constitutional rights, including, but not limited to:

Her right to reasonably safe conditions of detention, assuming only for purposes here that such detention was justified;

Her right to be free from assault and sexual assault and violation of her body;

Her right to be free from Unreasonable Searches and Seizures;

Her right to be free from cruel and unusual punishment;

Her right to be free from assault and sexual assault and harassment while inside an official Harris County vehicle.

43. Harris County and the HCSO clearly breached their constitutional duty to tend to basic human needs of persons within their charge, acting with deliberate indifference and subjective recklessness to the clear needs of female detainees

and citizens, and Plaintiff herein, of which they had subjective knowledge. The County and HCSO deliberately disregarded the serious risk of harm to other female detainees and female citizens. Further, they failed to take the requisite steps to protect female detainees/citizens from such egregious, unconstitutional, unwarranted, and deliberately indifferent actions.

44. Sheriff Gonzalez is a policymaker for Harris County is regards to officer discipline and investigations and the HCSO policies generally and does not investigate and/or discipline officers alleged of crimes if they are no-billed by a Grand Jury including sexual assault of a minor. Grand Jury proceedings are secret including as to Sheriff Gonzalez and HCSO employees. Sheriff Gonzalez does not investigate and/or discipline deputies accused of policy violations if the complainant is charged with a crime even if the deputy is the one the complainant id complaining about. This also creates Harris County liability and individual liability for Sheriff Gonzalez.

### **PEACE OFFICER LIABILITY - 42 U.S.C. § 1983**

45. Plaintiff brings a claim against Harris County, Sheriff Gonzalez, Deputy Cannos, and Deputy Hines (alone and in concert and/or individually), pursuant to 42 U.S.C. § 1983 and for punitive damages (individuals only).

46. A municipality may be held liable for its failure to train a single police officer when the officer's acts were so egregious that the city should have had a

clear warning that the particular officer posed a danger to citizens. *See Pineda v. City of Houston*, 124 F.Supp. 2d 1057, 1068 (S.D. Tex. 2000).

## DAMAGES

47. Based upon the operative facts plead above, such acts and omissions rise to the level of deliberate indifference and conscious indifference constituting a violation of the Fourth and Fourteenth Amendments of the Constitution of the United States for which Plaintiff seeks recovery.

48. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, jointly, and severally, constitute a direct and proximate cause of the injuries and damages set forth herein. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer damages in an amount to be proved at trial.

49. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damages in the form of extreme and enduring worry, grief, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress in amounts within the jurisdictional limits of this Court, to be proved at trial.

50. Defendants are vicariously liable for their employees, supervisors, officials, representatives, and all those acting in concert with them.

51. Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided for by 42 U.S.C. § 1988(b). Plaintiff requests that the Court and jury award their attorneys' fees and expenses.

## JURY DEMAND

52. Pursuant to Federal Rule of Civil Procedure 38(b) Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

A. Enter a declaratory judgment that the policies, practices, acts, and omissions complained of herein violated Plaintiff's rights;

B. Award compensatory damages for Plaintiff against Defendants, jointly and severally;

C. Award punitive damages against all individually named Defendants;

D. Award reasonable attorneys' fees and costs and all litigation expenses, pursuant to federal and state law, as noted against Defendants, jointly and severally pursuant to 48 U.S.C. § 1988;

E. Award pre- and post-judgement interest; and

F. Award costs of court;

G.  Retain jurisdiction over Defendant Harris County such time that the Court is satisfied that Defendants' unlawful policies, practices, acts, and omissions no longer exist and will not recur; and,

H.  Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows herself entitled.

Respectfully Submitted,
Kallinen Law PLLC

/s/ *Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas No. 00790995
U.S. Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:  713/320-3785
FAX:        713/893-6737
E-mail:     AttorneyKallinen@aol.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on February 22, 2022 I have served a true and correct copy of the foregoing document that was delivered by the ECF in accordance with the Federal Rules of Civil Procedure to all ECF notice attorneys of record.

/s/*Randall L. Kallinen*
Randall L. Kallinen
